Martin, J.
The plaintiff demands the rescission of the sale of a slave he bought from the defendant, on account of her having been attacked with an incurable disease, at the time of the sale. She being dead since, the defendant pleaded the general issue only.— There was a verdict and judgment for him, and the plaintiff appealed.
*185 Our attention is first arrested by a bill of exceptions, to a part of the judge's charge, in which he said, that "in the opinion of the court the plaintiff was not founded in his right of action, not having filed his petition within six months after the discovery of the disease."
The law has provided defendants with the plea of prescription, that they may use it as a shield, to protect themselves against unjust claims, not to use it as a weapon to destroy just rights. The party who uses it in an unrighteous case sins grievously, and the court neither can or ought to supply the want of it, ex officio. When the plea is not made, the presumption is, that the defendant thinks it would not avail him at all, and that he cannot righteously avail himself of it.
The district court, in my opinion, erred in directing the jury to disregard the plaintiff's right, on the ground that it was exercised too late, and I think the judgment ought to be reversed.
Proceeding then to discover what judgment ought to have been given below, I find the evidence contained in two depositions; after the proof of the execution of the bill of sale.
*186 Dr. Smith deposes, that in the summer of 1818, he thinks in August, he examined the slave, and told the plaintiff he could neither cure nor relieve her. The ailment appeared to be an enlargement of the mesenterie gland, of long standing. The plaintiff desired him to attend her as well as he could, and if she died, to open and examine her. She died soon after, and on opening the body he found the mesenterie gland in a scirrhous state, and very much enlarged; it formed a solid tumour about six inches long, and at least three quarters of an inch in diameter.—The uterus was diseased and contracted. He is satisfied the malady must have existed six months before her death. From his own view, and the declarations of the slave, he thinks it must have existed two years.
Cobler deposed, that the wench was brought to the defendant's plantation, in the latter part of February, 1818, and was there about two months. About the first of March, the plaintiff came there and bought a negro man, whose wife was desirous of going with him. She was sick in the house, when her husband was bought. The plaintiff afterwards bought her, when she was working in the field; the witness *187 understood the plaintiff did not buy her at first, on account, of her sickness. The witness is not a physician, and cannot tell whether the disease be curable or incurable. She worked two days on the defendant's plantation. She complained of a dysentry, which he does not think incurable, and he thinks she was well cured when the plaintiff bought her.
The bill of sale bears date of April 24th, 1818.
Admitting there cannot be any doubt that the slave died of a disease incurable, in the month of August, 1818; and that the disease existed at the time of sale, whether it might not have yielded to the healing art, if medical aid had been procured in the months of May, June and July, is a question not easy for us to solve. A jury was prayed for below, who, the presumption is, found for the defendant, on the charge of the court, that the prescription availed. We cannot say, however, that they did not attend to the merits of the case, and in such a circumstance, we would not easily distrust their verdict.
I conclude, that the case ought to be rema *188 nded for a new trial, with directions to the judge, not to give the part of the charge excepted to; the costs of this appeal to be borne by the defendant and appellee.
Livingston for the plaintiff, Duncan and Conrad for the defendant.